TAMIAMI TRAIL TOURS, INC., a corporation, CENTRAL TRUCK LINES, INC., a corporation, FOGARTY BROS. TRANSFER, INC., a corporation and D. E. HUNT d/b/a HUNT TRUCK LINE, v. CITY OF TAMPA, FLORIDA, a Municipal corporation, PENINSULAR TELEPHONE COMPANY, a corporation, TAMPA ELECTRIC COMPANY, a corporation and TAMPA GAS COMPANY, a corporation.

31 So. (2nd) 468                                    June Term, 1947
July 15, 1947                                    Special Division A
Rehearing denied August 1, 1947

*A. Pickens Coles* and *John M. Allison,* for appellants.

*Karl E..Whitaker* and *Ralph A. Marsicano,* for appellees.

BUFORD, J.:

At its regular session of 1945 the Legislature of Florida enacted Chapter 22829 which became effective July 11th, 1945. At the same session the Legislature also enacted Chapter 22834 which likewise became effective on June 11th, 1945. Chapter 22829 completed its passage through the Legislature and was certified to the Governor on the 30th day of May and Chapter 22834 completed its passage through the Legislature and was certified to the Governor on June 1st, 1945, and they were by him lodged in the office of the Secretary of State on a later day.

Chapter 22829, supra, is an Act granting the special and specific power and authority to cities and towns to "impose, levy and collect on each and every purchase of electricity, metered or bottled gas (natural, liquified petroleum gas or manufactured), water service, telephone service and telegraph service in their corporate limits, a tax (straight percentage, sliding scale, graduated or other basis) in an amount not to exceed ten (10) percentum of the payments received by the seller of such utility service from the purchaser for the purchase of such utility service."

Section 2 of the Act provided:

"Section 2. All laws, general and special, in conflict with the provisions of this Act, are hereby superseded to the extent of such conflict, it being the purpose and intent of the legislature to confer the right and authority hereby granted to the several cities and towns notwithstanding any limitations or restrictions which may be contained in any general or special law; but nothing contained in this Act shall be con-

strued to affect or repeal gross receipts taxes imposed by Chapter 203, Florida Statutes, 1941."

Chapter 22834 amended Section 323.15 and 323.16, Florida Statutes 1941 (same F.S.A.).

The amendment to Sec. 323.15, supra, only changed the amount of mileage tax applicable to trucks and the amendment to Sec. 323.16 only changed the amount of the distribution of the tax collected by providing that 15% of the tax should be credited to the Railroad Commission instead of 10% as was allowed under Sec. 323.16, supra.

Amended Sec. 323.15 and the original section both contained the following provision:

"The mileage tax provided for in this section shall be in lieu of all other taxes and fees of every kind, character and description, state, county or municipal except ad valorem taxes levied upon the property other than motor vehicles of such auto transportation companies and except the gasoline tax, and except the motor vehicle license tax now or hereafter provided for by law."

Amended Sec. 323.16 and the original section both contained the following:

"Twenty-five dollars annually from each certificate holder to all incorporated cities and towns where any such auto transportation companies maintain depots, warehouses, stations or agencies in such city or town:"

Pursuant to Chapter 22829, supra, the City of Tampa, in September, 1946, adopted Ordinance No. 1017-A wherein and whereby it levied a tax on the amount received for utility services coming within the purview of the legislative Act, supra. The ordinance levied the tax against all consumers within the municipality without extending any exemption to bus and truck operators. The ordinance became effective October 1, 1946, and the City of Tampa thereafter, through Peninsular Telephone Company, a corporation, Tampa Electric Company, a corporation and Tampa Gas Company, a corporation, (which companies by the Act were required to collect the tax for the City) attempted to collect the tax from Tamiami Trail Tours, Inc., Central Truck Lines, Inc., Fogarty Bros. Transfer, Inc., and D. E. Hunt, d.b.a. Hut Truck Line, all

being operators of bus and/or truck lines and being certified common carriers of freight and passengers by motor vehicle. Whereupon the above named common carriers filed their bill of complaint in the Circuit Court of Hillsborough County, Florida, seeking to enjoin the collection of the tax, the contention being that the provisions of Chapter 22829, supra, were not applicable and did not authorize the tax to be levied against the common carrier plaintiffs because such common carriers were exempt from such tax under the provisions of amended Section 323.15 and 323.16, supra.

Another contention is that the levy of the tax is void because it violates Section 8 of Article 1 of the Constitution of the United States and violates Section 1 of the Fourteenth Amendment to the Federal Constitution and violates Section 12 of the Declaration of Rights and violates Section 1 of Article IX and Section 5 of Article IX of the Constitution of Florida.

To the bill of complaint defendants filed motion to dismiss. On hearing, the Honorable Harry N. Sandler, Circuit Judge, after consideration of argument, made his findings as to law involved and entered his decree dismissing the bill of complaint with prejudice.

We may say here that it is so clearly apparent that there is no merit in the contention that there is any violation of the State or Federal Constitution as to make it unnecessary for us to enter into any discussion in this regard.

The only question which requires discussion and determination is whether or not amended Sec. 323.15, supra, exempts the plaintiffs, appellants here, from the tax.

In reaching the answer to this question we should, if possible, determine from the legislative record what was the legislative intent.

It is to be observed that the last two provisions above quoted from Sections 323.15 and 323.16 were both in the statute as it existed at and before the introduction and passage of House Bill 858 which became chapter 22829. It appears, therefore, there can be no serious question that chapter 22829 superseded and pro tanto repealed the statutes, supra, as they existed prior to their reenactment by the passage of

Chapter 22834. This demonstrates that it was the legislative intent that chapter 22829 should prevail over the involved provisions of Sec. 323.15.

The legislative intent is made crystal clear by Sec. 2 of Chapter 22829 hereinbefore quoted. An exemption is a "limitation and restriction" and, therefore, it is shown that this act was intended to take precedence over any statute which might appear to provide an exemption from such taxation.

In this case the appellants claim to be exempt from the burden of the tax by reason of the above quoted portion of Sec. 323.15, supra. Therefore, the burden is on the appellants clearly to show that the provisions of Sec. 323.15 exempt them from the payment of the tax authorized to be imposed by the provisions of Chapter 22829. See Stewart v. State, 119 Fla. 117, 161 So. 378; Harper v. England, 124 Fla. 296, 168 So. 603; American Can Company v. City of Tampa, 152 Fla. 798, 14 So. (2nd) 203; Long v. St. John 126 Fla. 1, 170 So. 317.

The tax contemplated under chapter 22829 is not a tax against the property of the appellants but is a tax authorized by the sovereignty imposed for the benefit of the use of a sovereign franchise which all users like situated are required to pay. It is our view that nothing in chapter 22829 had the effect of repealing the provisions of chapter 22834 and that nothing in chapter 22834 had the effect of repealing anything in chapter 22829.

In the case of Curry et al. v. Lehman, 55 Fla. 847, 47 So. 18, it was held:

"It is to be presumed that different acts on the same subject passed at the same session of the legislature are imbued with the same spirit and actuated by the same policy and they should be construed each in the light of the other. The legal presumption is that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intent to do so. An interpretation leading to such result should not be adopted unless it be inevitable. The rule of construction in such cases is that if courts can by any fair, strict or liberal construction find the two provisions a reasonable field of operation without destroying their evident

intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation, it is their duty to do so."

In Beasley v. Coleman, Sheriff, 136 Fla. 393, 180 So. 625, it was held:

"In order for court to declare that one statute impliedly repeals another, it must appear that there is positive repugnance between the two, or that the last was clearly intended to prescribe the only governing rule, or that it revises the subject matter of the former."

Our conclusion is that it was the legislative intent to make the tax contemplated by Chapter 22829 a tax not affected by the exemption provided for in Sec. 323.15 although the exemptions named therein were re-enacted in Chapter 22834, supra. The effect of the language used in Sec. 2 of Chapter 22829 was to make the provisions of this chapter supersede and take precedence over any legislative act then existing or then in the course of passage which created, or attempted to create, exemption from the tax authorized by this chapter.

Therefore, the appellants are not entitled to the exemption contended for.

The decree of the lower court should be and is affirmed.

So ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.