WIGGINTON, Judge.
Appellee Board of Public Instruction of Walton County filed its complaint against appellant Walton County under Chapter 87, Florida Statutes, F.S.A., seeking a decree construing two special legislative enactments applicable only to Walton County, and declaring the rights, status, duties, liabilities, and responsibilities of the respective parties under the statutes in question. From a decree on the pleadings rendered in favor of appellee Board of Public Instruction, the county has appealed.
The subject of this litigation involves a partial allocation and distribution of the race track funds which accrue under Chapter 550, Florida Statutes, F.S.A., relating to horse and dog racing in this state. This statute provides that the net proceeds of all money received from horse and dog racing in the state shall be equally divided among and distributed annually to the several counties of the state.
The legislature of 1959 enacted Chapter 59-753, being a local act applicable only to Walton County, Florida. The purpose and effect of this legislation is to appropriate annually from the race track funds received by the county the sum of $10,250.00, which shall be paid as supplemental compensation to the school bus drivers employed by the county in an amount not to exceed $25.00 per month each.
The next succeeding session of the state legislature in 1961 enacted Chapter 61-1737, which likewise is a local act applicable only to Walton County. This act provides for the allocation and distribution of all race track funds payable annually to Walton County. Section 1 of the act allocates specified amounts of the race track funds for certain stated county purposes, and allocates the remainder of this fund to the Board of County Commissioners and the Board of Public Instruction of Walton County, to be divided between them in equal proportions. Section 2 of the act repeals all laws and parts of laws in conflict therewith.
It is the contention of appellant that the 1961 act repealed by implication the 1959 act which appropriated $10,250.00 of the county’s race track funds for the payment of supplemental compensation to school bus drivers. Appellant argues that the two acts are repugnant and, therefore, under well accepted principles of statutory construction, the act latest in point of time repeals the earlier act dealing with the same subject.
In the final decree appealed the chancellor held that there is no conflict between the two statutes, express or implied, and that the earlier act remains in full force and effect.
It is the settled law of this state that in order for a court to declare that one statute impliedly repeals another, it must appear that there is positive repugnancy between the two, or that the last was clearly intended to prescribe the only governing rule, or that it revises the subject matter of the former.[1] We find no such repug-nancy between the two statutes under consideration as to compel a holding that the latter repealed the former. It is our view that by a fair construction of both statutes, there is a reasonable field of operation for each without destroying the evident intent and meaning of either. The 1959 act appropriated a portion of the race track funds received by the county for use in paying supplemental compensation to school bus drivers employed by the county. The *47 1961 act provides the manner in which all race track funds received by the county shall be allocated and distributed for county purposes. Under this act, a portion of such fund is allocated to the county. It is out of the county’s allocable share of the race track fund that the appropriation made by the 1959 act shall be paid. Finding a reasonable field of operation for both acts, and no clear intent by the legislature that the 1961 act shall operate to repeal the earlier act of 1959, we hold that both acts continue in full force and effect.[2] This is the conclusion reached by the chancellor in his rendition of the decree appealed.
The decree is accordingly affirmed.
STURGIS, C. J. and CARROLL, DONALD K., J., concur.

. Beasley v. Coleman, 136 Fla. 393, 180 So. 625.

. Tamiami Trail Tours, Inc., et al. v. City of Tampa et al., 159 Fla. 237, 31 So.2d 468.