369 So.2d 600 (1978)
Walter E. EASON and Walter Eason Realty, Inc., Appellants,
v.
Joseph P. LAU et al., Appellees.
No. JJ-80.
District Court of Appeal of Florida, First District.
August 7, 1978.
Wilfred C. Varn and C. Everett Boyd of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellants.
M. Howard Williams, Timothy D. Harley, of Williams, Gibson & Harley, Tallahassee, for appellees.
BOYER, Judge.
The primary issue to be resolved by this appeal from a partial summary judgment relates to the effect, if any, of chapter 75-108 (F.S. 768.31), known as the Uniform Contribution Among Tortfeasors Act on F.S. 768.041 (chapter 57-395 Laws of Florida).
*601 By their amended complaint, appellees (plaintiffs in the trial court) sued Walter E. Eason, a real estate broker, Walter Eason Realty, Inc. and one Glenn Virgo, one of Eason's real estate salesmen. The parties agree in their briefs that the type of tort alleged involves moral turpitude and an alleged breach of trust or fiduciary obligation. The plaintiffs filed a voluntary dismissal with prejudice as to the defendant Virgo. The remaining defendants, appellants here, then moved for summary judgment asserting that the voluntary dismissal was a release; that the defendants were sued as joint tortfeasors; and that the release of one joint tortfeasor was a release of all. The trial judge, in a thorough and well reasoned order, found that the defendants were joint tortfeasors (which finding was in accordance with an oral stipulation among the parties before the court); that the voluntary dismissal with prejudice as to Virgo was "tantamount to a release"; that F.S. 768.041 was neither expressly nor impliedly repealed by F.S. 768.31 and that F.S. 768.041 was applicable. The partial summary judgment here appealed was thereupon entered, holding that the dismissal with prejudice of Virgo did not discharge the other defendants.
We affirm.
It is clear that the defendants were charged as joint tortfeasors. The parties agree that under the common law a release or discharge of one or more joint tortfeasors was a discharge of all other tortfeasors liable for the same tort and that such principle of law was applicable in Florida until the adoption in 1957 of F.S. 768.041. (See F.S. 2.01; Prosser, Law of Torts, 3rd Ed. 1964, page 69; and Atlantic Coastline Railroad Co. v. Boone, 85 So.2d 834 (Fla. 1956), 57 A.L.R.2d 1186).
Fla.R.Civ.P. 1.420(a) permits a party to dismiss an action without order of court but provides that when the notice states that it is with prejudice the plaintiff is barred from bringing the action again as it is thereby considered to be an adjudication upon the merits. (See Drady v. Hillsborough County Aviation Authority, 193 So.2d 201 (Fla. 2nd DCA 1966) and Lomelo v. American Oil Company, 256 So.2d 9 (Fla. 4th DCA 1971)). We agree with the learned trial judge that a dismissal with prejudice under the rule is equivalent to or tantamount to a release. Reliance upon Martin v. Burney, 160 Fla. 183, 34 So.2d 36 (1948) and Salcedo v. Southeastern Natural Gas Co., 171 So.2d 398 (Fla. 3rd DCA 1965) for a contrary position is misplaced. Those cases are both factually and legally distinguishable and have no application sub judice.
The query therefore becomes whether the dismissal or release of Virgo, a joint tortfeasor, also released by operation of law the other joint tortfeasors. Clearly under the common law such would have been the result. However in 1957 the Florida legislature adopted chapter 57-395, Laws of Florida (F.S. 768.041) which provides, in material part, as follows:
"A release or covenant not to sue as to one tort-feasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death."
In Sun First National Bank of Melbourne v. Batchelor, 321 So.2d 73 (Fla. 1975) the Supreme Court of Florida reversed the Fourth District Court of Appeal which had held that the statute did not abolish the common law rule entirely and did not apply to an action for conversion, the Supreme Court holding that no tort was excluded by the legislature when it enacted 768.041.
It is apparent therefore and the parties so agree, that the common law rule was abrogated by F.S. 768.041 and that accordingly under that statute a release of one tortfeasor does not, and did not, operate as a release or discharge of the other joint tortfeasors. However, appellants contend that F.S. 768.041 was repealed by chapter 75-108, Laws of Florida (F.S. 768.31) entitled the Uniform Contribution Among Tortfeasors Act. We must, therefore, examine the affect of that statute.
F.S. 768.31(2)(g) specifically provides that:

*602 "This act shall not apply to breaches of trust or of other fiduciary obligation."
As already stated, the parties agree in their briefs that the type of tort charged in the amended complaint sub judice involves moral turpitude and an alleged breach of trust or fiduciary obligation. The appellees argue, nevertheless, that the above quoted provision does not mean what it says and that the word "act" should not be construed as applicable to the entire statute but only to the particular section in which the word appears. We cannot, however, take such liberties with the language of the statute. We note that the subject statute is a "uniform" statute, having its genesis in a uniform act promulgated by the National Conference of Commissioners on Uniform State Law. The Florida legislature adopted the uniform act verbatim. (See 12 Uniform Laws Annotated at pages 57 though 107)
It syllogistically follows, therefore, that if the tort charged sub judice involved breach of trust or other fiduciary obligation and that F.S. 768.31 (the Uniform Contribution Among Tortfeasors Act) is not applicable to breaches of trust or other fiduciary obligation and if 768.041 is applicable to all torts, as held by the Supreme Court in the Batchelor case, then the conclusion is inescapable that F.S. 768.31 is inapplicable and F.S. 768.041 is controlling. F.S. 768.041 being controlling, the common law rule is inapplicable; therefore the release of Virgo did not operate as a release or discharge of the other joint tortfeasors.
Further, even if F.S. 768.31(2)(g) did not contain the recitation that the "act" shall not apply to breaches of trust or other fiduciary obligations, still that act (F.S. 768.31) did not repeal F.S. 768.041. While (but for the exception applicable to breaches of trust and other fiduciary obligations) the two statutes affect the same subject matter there simply is no repugnancy. In Banana River Properties v. City of Cocoa Beach, 287 So.2d 377 (Fla. 4th DCA 1973) that court, quoting from 30 Fla.Jur., Statutes § 152, said:
"* * * However, before the courts will declare that one statute impliedly repeals another, it must appear either that there is positive repugnancy or such a nature that the two acts cannot, by a fair and reasonable construction, be reconciled or made to stand together, or that the later act revises the subject or was clearly intended to prescribe the only governing rule. In the absence of a positive repugnancy between the two statutes, before a repeal will be implied a clear legislative intention must be present. The mere fact that two statutes affect the same subject matter, which it is not clear that the later was designed to prescribe the only governing rules, is not sufficient. There should be no field in which the earlier statute can operate without conflict with the later." (287 So.2d at page 379) (Emphasis added)
This court, in Walton County v. Board of Public Instruction of Walton County, 161 So.2d 45 (Fla. 1st DCA 1964) said:
"It is the settled law of this state that in order for a court to declare that one statute impliedly repeals another, it must appear that there is positive repugnancy between the two, or that the last was clearly intended to prescribe the only governing rule, or that it revises the subject matter of the former. Beasley v. Coleman, 136 Fla. 393, 180 So. 625. * *" (161 So.2d at page 46)
We recognize the similarity between the subject matter treated in F.S. 768.041(1) and subsection F.S. 768.31(5) of the Uniform Contribution Among Joint Tortfeasors Act, which provides:
"Release or covenant not to sue.  When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
"(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and,

*603 "(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."
We are also cognizant of the provision of said act which provides that "all acts or parts of acts which are inconsistent with the provisions of this act are hereby repealed." But we simply find no inconsistency. F.S. 768.041(1) provides that a release or covenant not to sue as to one tortfeasor shall not operate to release or discharge the liability of any tortfeasor who may be liable for the same tort or death. F.S. 768.31(5) provides essentially the same but goes on to provide the effect of such a release. Since, however, F.S. 768.31 does not apply to breaches of trust or other fiduciary obligations that act simply has no application to the case sub judice.
In a recent case, Oldham, etc. v. Rooks, 361 So.2d 140 (Fla. 1978), the Supreme Court of Florida, holding that when the legislature makes a complete revision of a subject it serves as an implied repeal of earlier acts dealing with the same subject unless an intent to the contrary is shown, said:
"There is a general presumption that later statutes are passed with knowledge of prior existing laws, and a construction is favored which gives each one a field of operation, rather than have the former repealed by implication. City of Punta Gorda v. McSmith, Inc., 294 So.2d 27 (Fla. 2d DCA 1974); State Department of Public Welfare v. Galilean Children's Home, 102 So.2d 388 (Fla. 2d DCA 1958); accord, State ex rel. Myers v. Cone, 139 Fla. 437, 190 So. 698 (1939)."
Applying that decision sub judice, F.S. 768.31 does not constitute a complete revision of the subject because, as observed already, it is inapplicable by its own wording to breaches of trust or other fiduciary obligations; the legislature is presumed to have known of the existing law, F.S. 768.041; and each statute yet has a field of operation.
In summary, we hold: (a) A dismissal with prejudice is tantamount or equivalent to a release. (b) The common law rule relating to release of a joint tortfeasor was abrogated by F.S. 768.041. (c) F.S. 768.041 was not repealed by F.S. 768.31 and is therefore yet in full force and effect. (d) F.S. 768.31 does not apply to breaches of trust or other fiduciary obligations.
AFFIRMED.
MELVIN and MILLS, JJ., concur.