Nevin G. Smith Secretary Department of Administration Tallahassee
QUESTIONS:
1. Is the employer of a public defender required to contribute 16.78 percent or 20.78 percent of the member's gross compensation as the contribution for retirement purposes effective October 1, 1979?
2. Is the employer of a public defender required to withhold 4 percent of the member's gross compensation as the member's contribution for retirement purposes effective October 1, 1979?
3. What is the impact of the General Appropriations Act proviso pertaining to funds provided for the payment by the employer of the 4 percent of salary retirement contributions for public defenders?
SUMMARY:
Assuming the constitutionality of the subject proviso to the General Appropriations Act, set forth in s. 21, Ch. 79-212, Laws of Florida, the clear intent of its terms is that the employer of a public defender should pay the 4 percent retirement contribution required of the member of the Elected State Officers' Class of the Florida Retirement System pursuant to s. 121.052, F. S., in addition to any other retirement contribution required of the employer on behalf of a public defender, and this intent should be given effect in the current biennium. Assuming that sufficient funds have been duly appropriated for this purpose, the employer of a public defender should not withhold 4 percent of the member's gross compensation as the member's contribution for retirement purposes, and should contribute 20.78 percent of the member's gross compensation as the total contribution for retirement purposes effective October 1, 1979.
As your questions are interrelated, they will be discussed together and more or less in reverse order. Your questions have arisen because of separate and apparently inconsistent laws enacted in the 1979 Legislative Session pertaining to public defenders and their participation in the Florida Retirement System (the system) as members of the Elected State Officers' Class (ESOC) pursuant to s. 121.052, F. S. (1978 Supp.). This opinion is limited to a consideration of how this 1979 legislation affects the amount of the contribution made to the system by the employers of public defenders. I have been informed that the Judicial Administrative Commission, pursuant to s. 43.16, F. S. (1978 Supp.), handles budgetary matters for the public defenders; therefore, for purposes of this opinion, the commission will be considered the `employer' of the public defenders.
Initially, it should be noted that, ever since the creation of the ESOC in 1972, there has been a provision for the employer of a class member to withhold a certain percentage of the member's gross salary or compensation and to set aside a matching amount and to make the necessary contribution for that member in the system. See Ch. 72-345, Laws of Florida, and s. 121.052(4), F. S. 1973. In 1977, public defenders were added to the ESOC by Ch. 77-464, Laws of Florida. This law also changed the amounts to be withheld from a member (from 8 percent to 4 percent) and contributed by an employer (from 8 percent to 12 percent) by adding a new paragraph (4)(b), which expressly included public defenders as affected members of the class. This paragraph was changed in 1978 to increase the employer's contribution from 12 percent to the present 16.78 percent, while maintaining the amount to be withheld from the member's gross salary at 4 percent. This paragraph was not changed in the 1979 Legislature; however, other laws were passed which affected this contribution formula, and they are set out and discussed below.
Chapter 79-377, Laws of Florida (derived from H.B. 109 and Committee Substitute for H.B. 109), amended s. 121.052, F. S. (1978 Supp.), to provide a new paragraph (4)(c) as follows:
 From and after October 1, 1979, the employer paying the salary of any member of the Elected State Officers' Class who is a supreme court justice, district court of appeal judge, circuit judge, county court judge, or state attorney shall contribute an amount equal to 20.78 percent of such member's gross compensation which shall constitute the entire contribution with respect to such member. The employer shall, however, withhold one-half of the entire contribution of the member required for social security coverage.
Chapter 79-212, Laws of Florida, the General Appropriations Act, includes the following proviso in s. 21:
 Notwithstanding the provisions of section 121.052, Florida Statutes, 1978 Supplement, funds are provided for the payment, by the employer, of the four percent of salary retirement contribution heretofore required of justices, judges, state attorneys and public defenders pursuant to said statute; such payment by the employer of the four percent salary retirement contribution shall be in lieu of any retirement contribution made by such officers of the court with respect to their participation in the elected state officers' class of the Florida Retirement System. (Emphasis supplied.)
The difference between the two new laws is readily apparent. The first is an amendment to the substantive law creating the retirement system and provides for the first time that employers of certain members of the ESOC shall pay the entire retirement contribution of 20.78 percent of gross compensation with respect to such members; this law does not include public defenders. The second is a proviso to the General Appropriations Act which declares that funds are provided for the employers to pay the 4 percent heretofore required to be withheld from the salaries of certain members of the ESOC and does include public defenders. From a comparison of these laws it is unclear whether the employer of public defenders should or should not withhold 4 percent of their gross compensation in order to make the entire contribution required for public defenders.
Under general rules of statutory construction, statutes relating to the same general subject — particularly when passed in the same legislative session — are construed in pari materia, and courts will attempt to find a reasonable field of operation for each in order to preserve the force and effect of otherwise conflicting provisions. Markham v. Blount, 175 So.2d 526 (Fla. 1965); Tamiami Trail Tours v. City of Tampa, 31 So.2d 468 (Fla. 1947); Dade County v. City of Miami, 82 So. 354 (Fla. 1919); and AGO 074-196. However, appropriation laws are a special category of legislation. The State Constitution requires in s. 12 of Art. III that appropriation laws shall contain no provisions on subjects other than salaries of public officers and other current expenses of the state. Florida courts have construed this constitutional provision to mean that `reasonable and related conditions upon the same subject may be placed upon expenditures in an appropriations bill,' but that `[a]ctual modifications of existing statutes or new provisions which are plainly substantive in nature and upon a subject other than appropriations are in violation of Fla. Const. Art. III, s. 12.' Department of Administration v. Horne,269 So.2d 659, 661, 662 (Fla. 1972). Accord: In re Advisory Opinion to the Governor, 239 So.2d 1 (Fla. 1970); Dickinson v. Stone,251 So.2d 268 (Fla. 1971); and Lee v. Dowda, 19 So.2d 570 (Fla. 1944). Therefore, I believe that the rules concerning construction of statutes in pari materia are not applicable to conflicting statutory provisions when one of them is an amendment to substantive law and the other is an appropriations law proviso constitutionally prohibited from being substantive in nature.
This office has frequently been asked to advise agencies and officers concerning the interpretation and application of appropriation provisos, most often for the state attorneys and public defenders, and has generally concluded that, to the greatest extent possible, such provisos should be given full effect, notwithstanding the existence of serious questions of constitutionality in some cases. See, e.g., AGO's 078-112, 078-100, 075-246, and 073-458; cf. AGO 076-81. This conclusion is based on the fundamental rule of statutory interpretation that every duly enacted law of the Legislature is entitled to the presumption of validity and should be construed so as to give full force and effect to all parts of the statute. Atlantic Coast Line R. Co. v. State, 74 So. 595 (Fla. 1917); Realty Bond Share Co. v. Englar, 143 So. 152 (Fla. 1932); In re Estate of Horner,188 So.2d 386 (3 D.C.A. Fla., 1966); and Vocelle v. Knight Bros. Co.,118 So.2d 664 (1 D.C.A. Fla., 1960). Whether a particular appropriation proviso does or does not violate the constitutional standard is a matter exclusively for the courts to decide in appropriate adversary proceedings brought for that purpose. See
AGO 078-112 in which my predecessor in office stated, `[p]ending any such judicial determination, I must accord the proviso the same presumption of validity to which any legislative enactment is entitled.' Therefore, I advise you to adhere to the plain and obvious meaning of the proviso, presuming it to be constitutional unless and until judicially determined otherwise.
The proviso states quite plainly that `funds are provided for the payment, by the employer, of the 4 percent of salary retirement contribution heretofore required of justices, judges, state attorneys and public defenders pursuant to [s. 121.052],' and that `such payment by the employer of the 4 percent of salary retirement contribution shall be in lieu of any retirementcontribution made by such officers with respect to their participation in the elected state officers' class of the Florida Retirement System.' (Emphasis supplied.) There is no doubt that the Legislature was fully aware of the existence of C.S. for H.B. 109 (See p. 406 of Biennium 1979-81 General Appropriations andLetter of Intent, which states beside the proviso that `[t]his provision shall take effect October 1, 1979, pursuant to CS/HB109.' [Emphasis supplied.]), and it must be presumed to know the difference between the terms of the two provisions, Tamiami Trail Tours, supra. In addition, tape recordings made of the meeting of the full conference committee of the House of Representatives and Senate at which this proviso was considered reveal that public defenders were specifically included by amendment so that the state would make the `same contribution to their retirement fund as [it does for] the state attorneys.' In answer to a question asking where the `new money' would come from, the committee chairman responded that `we could specify through the letter of intent for this period of time it could come from the public defenders' appropriation' (Emphasis supplied.), even though the enabling legislation (C.S. for H.B. 109) `did not specify the public defenders.' However, I would recommend that remedial or validating legislation be obtained to confirm, ratify, and sanction such payments made pursuant to this proviso. See, e.g., ss. 6.10, 193.132, 694.08, 694.12, and 694.13, F. S.
In summary, therefore, I conclude the following: Assuming the constitutionality of the subject proviso the General Appropriations Act, set forth in s. 21, Ch. 79-212, Laws of Florida, the clear intent of its terms is that the employer of a public defender should pay the 4 percent retirement contribution required of the member of the Elected State Officers' Class of the Florida Retirement System pursuant to s. 121.052, F. S., in addition to any other retirement contribution required of the employer on behalf of a public defender, and this intent shouls be given effect in the current biennium. Assuming that sufficient funds have been duly appropriated for this purpose, the employer of a public defender should not withhold 4 percent of the member's gross compensation as the memter's contribution for retirement purposes, and should contribute 20.78 percent of the member's gross compensation as the total contribution for retirement purposes effective October 1, 1979.
Prepared by:
Carol Z. Bellamy Assistant Attorney General