**LOUISVILLE & N. R. CO. v. ANDERSON.**
No. 5814.

Circuit Court of Appeals, Fifth Circuit.
April 7, 1930.

404

Francis B. Carter, of Pensacola, Fla. (Carter & Yonge, of Pensacola, Fla., on the brief), for appellant.

Philip D. Beall and John M. Coe, both of Pensacola, Fla., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from a judgment of the District Court of the United States for the Northern District of Florida in favor of plaintiff (appellee) and against the defendant (appellant) for damages for a personal injury, claimed to have been received by him through the negligence of the defendant and without fault on his part. The defendant asked a directed verdict in its favor, asserting a want of negligence on its part and contributory negligence as a matter of law upon the plaintiff's part. The refusal of the District Court to direct a verdict is the only matter complained of here.

The plaintiff was driving an automobile in the city of Pensacola in the early morning, when it was dark and foggy, and, while driving so, accidentally strayed from a public street onto premises occupied by the defendant, and drove into a track that was depressed below the adjoining surface of the ground about two feet, and he and his automobile were injured. The plaintiff was driving east along Belmont street, and, after reaching the intersection of Belmont and Tarragona streets, continued eastward a distance of fifty-seven feet beyond the east line of Tarragona street, which was a north and south street, where the sunken track was. Belmont street did not extend beyond the east line of Tarragona street, so far as being an improved and traveled street. The defendant had for many years occupied the property, which Belmont street would have crossed if extended east of its terminus, first with a structure used as an express office, and, after it was removed, with tracks. The depressed track was built in 1925, and was used for unloading automobiles from railroad cars. There was a cement platform adjoining the sunken track on the west twelve feet wide, and then a black cinder platform extended west to the street line of Tarragona street, a distance of forty-four feet. East of the space occupied by defendant's tracks Belmont street was used for travel. There was a gap between Tarragona street and this point, where it could not be traveled owing to the presence of the tracks of the defendant. There was a street light at the intersection of Belmont street with the north and south street that crossed it east of all the tracks. The intersection of Belmont street and Tarragona street was paved with black dirt. Belmont street west of Tarragona street was a paved street. The plaintiff testified that he was unfamiliar with the location, did not know that Belmont street did not extend east beyond Tarragona street, did not know that there was a depressed track where Belmont street, if extended east, would have been, and that, as he approached the depressed track, he did not see anything to indicate that Belmont street did not extend east of Tarragona, or that there were any railroad tracks where the extended street would have been. The right of the defendant to put its depressed track where it was is of no importance, since it is not disputed there had never been a traveled street where Belmont street, if extended, would have crossed the depressed track.

The defendant was not shown to have been a trespasser, and is to be treated as the

owner of the land on which the sunken track was. Its negligence as owner depends upon the existence of a duty on its part to place warning lights or barriers at the end of Belmont street to prevent persons traveling east on Belmont street from proceeding east of Tarragona street under the mistaken idea that Belmont street extended so far. This duty is not confined to the rightful ownership of the premises, but extends also to the actual and peaceable occupancy of them. There is a duty upon the occupant of premises abutting on a highway or street to refrain from creating near the road unguarded excavations which endanger travelers along the road. 13 R. C. L. § 347. The English cases limit the liability of the occupant to an excavation "substantially adjoining the way," and the Massachusetts courts follow the English rule. Binks v. South Yorkshire Ry. Co., 122 Eng. Rep. Reprint 92; Richardson v. Whittier (Mass.) 164 N. E. 384. The case of Overton's Adm'x v. City of Louisville, 221 Ky. 289, 298 S. W. 968, holds the landowner exempt from liability where the danger is a natural one and not created by him. Many cases hold that the test is not the exact distance from the highway of the excavation, but the degree of danger it presents to a traveler upon the highway in the exercise of due care. If it is far enough from the highway not to endanger one who remains upon it, then liability can be imposed upon the occupant of the premises only if he creates a deceptive appearance of the situation, such as would justify a reasonably prudent man in straying from the highway, believing himself to be still upon it. If the occupant might reasonably have anticipated, as a prudent person, that a reasonably prudent traveler, owing to the appearance of the situation by him created, might stray from the highway in the belief that he was still on it and fall into the excavation, liability would ensue. Thompson's Negligence, § 6035; Norwich v. Breed, 30 Conn. 535, 547; Crogan v. Schiele, 53 Conn. 186, 1 A. 899, 5 A. 673, 55 Am. Rep. 88; St. L. & S. F. R. R. Co. v. Ray, 65 Okl. 214, 165 P. 129, L. R. A. 1918A, 843; Corcoran v. City of New York, 188 N. Y. 131, 80 N. E. 660.

The landowner might now be held to reasonably anticipate danger to the drivers of automobiles that he could not have reasonably anticipated to pedestrians or those horse-drawn vehicles of the days when the English cases were decided. We adhere to the rule of the cases which make the degree of danger, rather than an arbitrary distance, the test of duty. In this case there was evidence introduced by plaintiff tending to show, and from which the jury might have inferred, that the defendant had created on the lands it was occupying an appearance that a reasonably prudent driver of an automobile on a dark, foggy night might have been misled into believing that Belmont street extended beyond Tarragona street to and beyond the point where the defendant had constructed its sunken track, and that the defendant should have reasonably anticipated the happening of such an occurrence. In that event, a duty would arise on its part to guard against it by the use of warnings, lights, or barriers, and the failure to do so, which is conceded, would be negligence. The issue of defendant's negligence was properly submitted by the District Judge to the jury.

Appellant contends that the plaintiff was guilty of contributory negligence, as a matter of law, in straying from Belmont street onto defendant's property and driving into the depressed track. In view of the evidence tending to show the appearance of the continuance of Belmont street, especially on a dark and foggy night, that the plaintiff was unfamiliar with the locality, and did not know of the sunken track, and that the elevation of his lights might have prevented his seeing the depression as he approached it, until it was too late to stop, we think that reasonable minds might differ as to whether the plaintiff did not exercise due care, and that the District Judge properly submitted this issue to the jury. If the plaintiff was justifiably misled by an appearance of a continuance of Belmont street, negligently created by the defendant, his status while on defendant's land was not that of a licensee or trespasser, but that of a traveler on a highway, as against the defendant.

Finding neither of the errors assigned well taken, the judgment of the District Court is affirmed.