154 So.2d 174 (1963)
Willard Carlton HARDEE, Appellant,
v.
GORDON THOMPSON CHEVROLET, INC., a corporation, Appellee.
No. E-54.
District Court of Appeal of Florida. First District.
June 11, 1963.
Ralph E. Sistrunk and William T. Kaler, Jacksonville, for appellant.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellee.
WIGGINTON, Judge.
Plaintiff has appealed from a final judgment dismissing with prejudice his complaint on the ground that it fails to state a cause of action. There is no contention that the trial court erred in concluding that the complaint did not state a cause of action. The only point on appeal questions the authority of the trial court to order that the dismissal is with prejudice.
*175 After the complaint in this case was filed, appellee filed its motion to dismiss on the ground that the complaint failed to state a cause of action. This motion was granted by order which allowed plaintiff fifteen days within which to file an amended complaint if he was so advised. Upon plaintiff's failure to amend within the time allowed by the court, defendant filed a motion for final judgment of dismissal with prejudice. It was in pursuance of this motion that the judgment appealed was entered.
It is appellant's position that even though it was unable or unwilling to file an amended complaint sufficient to state a cause of action as permitted by the court, such inability or unwillingness should not prejudice his right to institute another suit at a later date on the same cause of action sought to be alleged in the complaint which the court found to be insufficient. Appellant contends that this is a right he possesses, and one of which the trial court has no authority to deprive him.
The question of whether a final judgment of dismissal consequent upon plaintiff's failure to amend an insufficient complaint as permitted by the court constitutes a dismissal with prejudice which precludes the institution of a subsequent suit on the same cause of action between the same parties was fully explored and decided by this court in the Hammac case.[1] We there pointed out that prior to the adoption in 1950 of the Florida Rules of Civil Procedure the law of Florida on this subject was as pronounced by the Supreme Court in the Kautzmann case[2], which principle of law was subsequently followed by the Second District Court of Appeal in the Bricklayers case.[3] Although each of these decisions was rendered subsequent to the adoption of the new Florida Rules of Civil Procedure, neither case purported to refer to such rules nor did they attempt to place a construction thereon. Each decision turned on the status of the law as it had been in effect in Florida prior to the adoption of the rule with respect to involuntary dismissal of actions. In Kautzmann the prevailing rule was stated by the Supreme Court to be that if the judgment of dismissal is predicated upon failure of the complaint to allege certain essential facts, which facts could be supplied by an amendment, the judgment does not then constitute an adjudication that the plaintiff does not have a cause of action, but rather because certain essential facts are not alleged, plaintiff has failed to set forth his cause of action, and the merits of plaintiff's cause are not determined. The test was stated to be: does the insufficiency relate to the facts alleged or to the allegations of fact? If the insufficiency relates to some inherent defect in the case shown by the facts alleged, the judgment of dismissal was held to be an adjudication on the merits. If, however, the insufficiency relates to the failure of the complaint to allege necessary facts to state a cause of action, the judgment of dismissal was held not to be an adjudication of the merits, nor a bar to a subsequent suit on the same cause of action. In Kautzmann the principle was stated to be that a judgment of dismissal based on merely formal or technical defects will not preclude the filing of an amended complaint setting forth a good cause of action, or operate as a bar to a second suit on the same cause of action. Thus, when the plaintiff failed in the first suit simply by reason of an omission of a material allegation of fact, a second suit in which the complaint supplied the additional necessary allegations would be maintainable.
Our decision in Hammac turned on a construction of the rule of procedure relating *176 to the involuntary dismissal of actions then in effect, the same being Rule 1.35(b), 1954 Rules of Civil Procedure.[4] In Hammac we concluded and so held that a final judgment of dismissal consequent upon an order granting a motion to dismiss a complaint or counterclaim for failure to state a cause of action is a final adjudication on the merits, and will bar a subsequent suit on the same cause of action between the same parties unless it affirmatively appears from the order of dismissal that it is made without prejudice. Our conclusion was premised primarily upon that clause contained in the foregoing rule which provides "[A]ny dismissal not provided for in this rule, * * * shall operate as an adjudication upon the merits." A judgment dismissing a complaint for failure to state a cause of action is a dismissal not provided for in Rule 1.35(b) relating to involuntary dismissals of actions, but is a dismissal authorized and provided for by Rule 1.11(b) relating to defenses. Our construction of the above quoted provision of the rule is in harmony with the prior decision of the Supreme Court in Capers v. Lee, Fla. 1956, 91 So.2d 337, as well as with the decisions rendered by courts within the federal jurisdiction construing the identical provision contained in Rule 41(b), of the Federal Rules of Civil Procedure.[5] The construction placed upon the rule in question by this court in Hammac would require a holding that the judgment of dismissal considered on this appeal operates as an adjudication upon the merits and the dismissal of the action with prejudice was entirely proper. It has been considered by most students of the law that the new rule of procedure relating to the involuntary dismissal of actions adopted by the Supreme Court of the United States and the Supreme Court of Florida marked a salutary step forward in the fair and orderly administration of justice. Its effect was to eliminate the serious doubts which theretofore existed as to whether a judgment dismissing a complaint for failure to state a cause of action was with prejudice and operated as an adjudication upon the merits of the cause. As stated by the Supreme Court in the Hinchee case[6] upon the merits of the cause. As stated by the Supreme Court in the Hinchee case in construing Rule 1.35(b):
"This rule must be considered as a part of the new scheme of pleading introduced by the 1954 Rules of Civil Procedure. * * * Since the rule created the policy determination it is not necessary to enter into an academic discussion of legal philosophy. We point out, however, that the policy for terminating litigation in one proceeding is the major force behind this and similar rules; and that adequate safeguards protect less sure-footed litigants under the provisions allowing liberal amendment, voluntary non-suits, transfers of actions and timely appeals."
Rule 1.35(b), 1954 Rules of Civil Procedure, was subsequently amended and revised by the Supreme Court of Florida, *177 which revision became effective on September 30, 1962. The amended rule was in effect at the time the judgment appealed was entered. Our consideration of this appeal must therefore turn upon a construction of the rule as amended and revised. Present Rule 1.35(b) provides as follows:
"(b) Involuntary Dismissal. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.
"After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.
"With Prejudice. Unless the court in its order for dismissal otherwise specifies, a dismissal under the foregoing paragraph, other than a dismissal for lack of jurisdiction, for improper venue or for the lack of an indispensable party, operates as an adjudication upon the merits."
An examination of the amended rule reveals that material changes were made in the rule previously in effect. Prior to revision the rule provided that "For failure of the plaintiff to comply with any order of court, a defendant may move for dismissal of any action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, shall operate as an adjudication upon the merits; * * *". The rule as amended now provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under the foregoing paragraph, other than a dismissal for lack of jurisdiction, for improper venue or for the lack of an indispensable party, operates as an adjudication upon the merits."
It is readily noted that the provision of the original rule emphasized above, to-wit: "any dismissal not provided for in this rule" was completely eliminated in the revision of the rule which is now in effect. We have been furnished a copy of the notes of the committee appointed by the Supreme Court of Florida which considered proposed amendments to the Rules of Civil Procedure, which amendments were later adopted by that court and are now the rules which govern the procedure in our trial courts. The committee's notes clearly reveal that the primary objective of the amendment to Rule 1.35(b) was to eliminate therefrom the provision above quoted so as to remove from the operation of the rule a final judgment of dismissal for failure of the complaint to state a cause of action. The committee's notes frankly state that the purpose of the amendment is to remove the basis for the decision rendered by this court in the Hammac case, supra, and the decision rendered by the Supreme Court in the Hinchee case, supra. We must assume that the Supreme Court was fully informed as to the committee's purpose and intent when it adopted the amendments recommended by the committee. It therefore must be concluded that by adopting such amendments and revisions the Supreme Court intended that the rule of law pronounced by it in the Capers and Hinchee cases, supra, and by this court in the Hammac case should be receded from, overruled and shall no longer be effective in this state.
*178 The inescapable effect of the revision by our Supreme Court of Rule 1.35(b) is to relegate the practice and procedure in Florida on the point now considered to the principles of law which were in effect in this state prior to the adoption in 1950 of our rules of civil procedure as reflected by the decision of the Supreme Court of Florida in the Kautzmann case, supra, and by the Second District Court of Appeal in the Bricklayers case, supra. The authority of the trial court to adjudge that the dismissal of the action shall be with prejudice must be determined in light of the principles announced in those decisions. This brings us to the question of whether the insufficiency of the complaint in this case relates to the facts alleged, or to the allegations of fact. If the insufficiency relates to some inherent defect in the case shown by the facts alleged, the judgment of dismissal will operate as an adjudication on the merits, and the dismissal with prejudice must be held proper. If, however, the insufficiency relates to the failure of the complaint to allege necessary facts to state a cause of action, the judgment of dismissal will not constitute an adjudication of the merits, nor a bar to a subsequent suit on the same cause of action, and the trial court will be held in error for having ordered that the dismissal is with prejudice.
The complaint filed by plaintiff seeks damages resulting from the breach of implied warranty of fitness. The complaint alleges that an automobile purchased by plaintiff was manufactured by defendant General Motors Corporation and sold to plaintiff by Gordon Thompson Chevrolet, Inc., who was acting in the capacity of dealer and agent for General Motors. The complaint then alleges facts on which plaintiff relies to establish that the automobile purchased by him was defectively constructed and contained defective parts rendering it unsafe and unfit for the purpose it was sold. The allegations of the complaint affirmatively establish that defendant Gordon Thompson Chevrolet, Inc., was acting as dealer and agent for General Motors in the sale of the automobile to plaintiff. Under a similar factual situation this court held in the Platt Motors, Inc., case[7] that the law appears to be well settled that an agent contracting on behalf of a disclosed principal and within the scope of his authority as agent, cannot be held liable for breach of implied warranty. On the basis of this holding we affirmed an order dismissing a complaint against an automobile dealer and agent which contained allegations similar in all material respects to the allegations contained in the complaint now under review.
The defect in plaintiff's complaint, insofar as it attempted to state a cause of action against Gordon Thompson Chevrolet, Inc., is an inherent defect shown by the facts alleged. Assuming the allegations of the complaint to be true, Gordon Thompson cannot be held liable for the alleged breach of an implied warranty of fitness resulting from defects in the manufacture of the automobile purchased by plaintiff. Under the rule pronounced by the Supreme Court in Kautzmann, the final judgment of dismissal operates as an adjudication on the merits and the action is properly dismissed with prejudice.
Appellant argues that although this complaint did not state a cause of action against Gordon Thompson on the theory of a breach of implied warranty of fitness, that nevertheless it is possible that he could have filed an amended complaint within the time allowed by the court which might state a cause of action against Gordon Thompson either on the theory of breach of an express warranty of fitness, or of negligence. Since the possibility of stating a sufficient cause of action under either of these theories existed, he contends that the court erred in dismissing his cause of action with prejudice. He reasons that if the judgment of dismissal with prejudice is affirmed, he will be precluded from later instituting a new *179 action against Gordon Thompson claiming damages on the theory of a breach of express warranty, or of negligence. We are of the view that such reasoning is unsound. The judgment of dismissal in this case operates as an adjudication on the merits only of the cause of action predicated upon the theory of a breach of implied warranty of fitness. No action may be subsequently instituted by plaintiff against Gordon Thompson on this theory of law, but the dismissal does not constitute an adjudication on the merits of any other cause of action plaintiff may have on any separate or different theory of law.[8] The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.
NOTES
[1] Hammac v. Windham (Fla.App. 1960), 119 So.2d 822; cert. den. (Fla. 1960), 122 So.2d 408.
[2] Kautzmann v. James (Fla. 1953), 66 So.2d 36.
[3] Bricklayers etc. Union et al. v. Acme Title and Terrazzo Company (Fla.App. 1959), 112 So.2d 43.
[4] "Involuntary Dismissal; Effect Thereof. For failure of the plaintiff to comply with any order of court, a defendant may move for dismissal of any action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, shall operate as an adjudication upon the merits; except, however, that nothing stated herein shall preclude a non-suit from being taken pursuant to any applicable statute." 30 F.S.A., p. 711.
[5] Daley v. Sears, Roebuck & Co. (D.C.N.D.Ohio E.D. 1950), 90 F. Supp. 562; Curacao Trading Co., Inc. v. William Stake & Co. (D.C.S.D.N.Y. 1945), 61 F. Supp. 181; Matthews v. Wolvin et al. (5 Cir.1959), 266 F.2d 722.
[6] Hinchee et ux. v. Fisher et ux. (Fla. 1957), 93 So.2d 351.
[7] Smith v. Platt Motors, Inc., et al. (Fla.App. 1962), 137 So.2d 239.
[8] Poe v. State Road Department of Florida (Fla.App. 1961), 127 So.2d 898.