HOBSON, Judge.
This is a timely appeal seeking reversal of an order of dismissal with prejudice for failure to comply with an order of court filed on June 9, 1965. The order in question was entered ex parte because “of failure of the plaintiff, Frederick T. Nelson, to comply with the order of this Court entered in said cause on May 13, 1965, granting to the plaintiff leave to amend his complaint within 20 days from the date thereof, and it appearing to the Court that plaintiff had failed to comply with said order.”
Appellees, Frances Ward and Thomas Ward, were injured in an automobile accident on May 19, 1962 in Pasco County, Florida' and filed suit against Graham R. Neeld, Jr., the driver of the other automobile, and Fred Nelson, individually and doing business as Nelson Motors, as owner of said automobile. A settlement between the Wards and Graham Neeld, Jr. was made and a release in his favor was executed March 13, 1963.
Fred Nelson failed to file defenses to the suit and a default judgment was entered against him. A jury trial as to damages was set and the jury returned a verdict in favor of the Wards in the amount of $10,-500.
On March 15, 1965 Nelson filed a complaint to set aside the judgment. The Wards thereupon filed a motion to dismiss the complaint and motion to strike.
On May 11, 1965, the trial court held a hearing on the Wards’ amended motion to dismiss the complaint filed by Nelson. After the trial court announced it was granting the motion, the attorney for Nelson requested 20 days leave to amend and volunteered to draw the order, which he did. The order as drawn by the attorney for Nelson, was the one signed on May 13, 1965.
Nelson, having failed to file an amended complaint, the Wards, on June 5, 1965, filed a motion to dismiss for failure to comply with an order of court. Pursuant to this motion the trial court entered the order of dismissal with prejudice which is the subject of this appeal.
On June 24, 1965, Nelson filed an amended complaint, 42 days after the date of the order granting motion to dismiss with leave to amend. On June 29, 1965, he applied to *624 the trial court to vacate the order of dismissal by filing a motion for relief from the final order. Subsequently the trial court entered, an order denying said motion for relief.
Nelson alleges that dismissal of the complaint was not due to some inherent defect in the case as shown by the facts alleged but was, at worse, a failure of the complaint to allege necessary facts to state a cause of action and it was therefore error for the lower court to thereafter dismiss the cause with prejudice. The Wards contend that under Rule 1.35(b), Florida Rules of Civil Procedure, 30 F.S.A., the entry of the order of dismissal with prejudice was without error.
Nelson’s complaint contains two essential allegations: (1) that Nelson had sold the vehicle involved in this accident to Graham R. Neeld, Jr. prior to the accident here in question and attached the alleged Bill of Sale to his complaint, and (2) that prior to the entry of the default and judgment Nelson exhibited to the attorney for the Wards this Bill of Sale for the purpose of dismissing the suit against him and thereupon it was understood that the Wards' would not proceed further.
By their motion to dismiss and documents attached thereto the Wards attacked the verity of the complaint which properly should have been set out in their answer. In effect, the Wards’ motion to dismiss contains allegations which go to the merits of the issue and should have been in the form of an answer to Nelson’s complaint.[1]
In the recent case of Hardee v. Gordon Thompson Chevrolet, Inc., Fla.App. 1963, 154 So.2d 174, involving the identical question before us, the court set forth the following doctrine which is applicable to the case sub judice:
“If the insufficiency (of the complaint) • relates to some inherent defect in the case shown by the facts alleged, the judgment of dismissal will operate as an adjudication on the merits, and the dismissal with prejudice must be held proper. If, however, the insufficiency relates to the failure of the complaint to allege necessary facts to state a cause of action, the judgment of dismissal will not constitute an adjudication of the merits, nor a bar to a subsequent suit on the same cause of action, and the trial court will be held in error for having ordered that the dismissal is with prejudice.”
The complaint filed by Nelson herein.alleges that at the time of the accident in which the Wards suffered damages he was not the owner of the vehicle operated by Graham R. Neeld, Jr., but that in truth and fact the vehicle at said time was owned solely by Graham R. Neeld, Jr. Attached to this complaint is a purported Bill of Sale from Fred T. Nelson, doing business as Nelson Motors, showing the sale of the vehicle involved to Graham R. Neeld, Jr. on March 5, 1962. The complaint further alleges that the said Bill of Sale was exhibited to the Wards’ attorney and that thereafter Nelson had an understanding with the Wards that they would not proceed further against him; that thereafter and without notice the Wards secured a money judgment against Nelson in an amount in excess of $10,000 and that even though a default had been entered against him he was entitled to notice of said trial on damages.
To this complaint the Wards filed their motion to dismiss and motion to strike. After a hearing on said motions the trial court granted the motion to dismiss With leave for Nelson to file his amended coin-plaint within 20 days from the date of said order, to-wit, May 13, 1965. This order did not recite the grounds upon which the motion to dismiss was granted.
We feel that the allegations of Nelson’s complaint as set forth above show that the complaint is not inherently defec *625 tive and that the trial court could not have dismissed the complaint due to an inherent defect hut such dismissal could only be for the failure of the complaint to allege necessary facts to state a cause of action. Therefore, for the reasons set forth above and the law as laid down in the Hardee case, supra, it was error for the trial court to dismiss the complaint with prejudice.
Reversed and remanded.
LILES, Acting C. J., and HODGES, JOHN G., Associate Judge, concur.

. Seo Rules 1.8(c) and 1.11(b) 1954 Rules of Civil Froeedure.