193 So.2d 201 (1966)
George M. DRADY, Jr., Appellant,
v.
HILLSBOROUGH COUNTY AVIATION AUTHORITY, Appellee.
No. 5964.
District Court of Appeal of Florida. Second District.
November 30, 1966.
Rehearing Denied January 23, 1967.
*203 J. Bert Grandoff, Jr., of Hardee, Ott & Hamilton, Tampa, for appellant.
Thomas C. MacDonald, Jr., of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellee.
OVERTON, BEN F., Associate Judge.
Appellant-plaintiff below brings this timely appeal from a trial court order dismissing with prejudice his fourth amended complaint against the appellee, Hillsborough County Aviation Authority, one of two defendants below. The complaint of the appellant was not dismissed as to the defendant, City of Tampa. Plaintiff filed his action against the defendant-appellee Aviation Authority and the defendant, City of Tampa, alleging that he was operating his vehicle at night in a southerly direction on Lois Avenue near its intersection with Douglas Avenue in the City of Tampa. At this location Lois Avenue comes to a dead end. The plaintiff alleges that he drove his automobile across said Douglas Avenue south on what he reasonably believed to be the continuation of Lois Avenue, and into and through a low and obscure concrete abutment. The plaintiff asserts that because of a bridge or span across a drainage ditch, together with the existing grade of Lois Avenue as it would have been extended, that said Lois Avenue appeared to the plaintiff to continue on and extend on and across south of Douglas Avenue. Plaintiff further alleges that the defendants negligently failed to errect adequate lights, signs, barricades or other warnings to reasonably place persons traveling south on Lois Avenue on notice of the termination of Lois Avenue at said intersection.
The trial court, in granting the appellee Aviation Authority's motion to dismiss, stated:
"There is no duty shown on this defendant toward travelers on a public highway which highway is not on its property nor positioned in relation thereto in any way creating any such responsibility on the facts alleged."
Appellant contends that under the allegations of the complaint there was a duty on the appellee to exercise reasonable care to see that there was no danger to travelers on the public street known as Lois Avenue who were misled into believing that Lois Avenue extended across Douglas Avenue onto said appellee's property.
The general rule concerning the liability of an owner of land adjacent to a highway toward those using the highway is stated in Section 367, Restatement of Torts, towit:
"A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway is subject to liability for bodily harm caused to them while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel."
Appellant relies heavily upon the case of Louisville & N.R. Co. v. Anderson, 39 F.2d 403 (5 C.C.A. 1930), which was a personal injury action arising from a plaintiff's judgment in the United States District Court for the Northern District of Florida. In said case the plaintiff was driving early one dark and foggy morning when he accidentally strayed from the public street onto the defendant's premises. After driving 57 feet on defendant's premises, the plaintiff drove into a railroad track that was depressed. The street upon which the plaintiff was traveling was paved with black dirt, and the defendant's property adjacent thereto, where the street would have been, if extended, was paved with black cinders. *204 The court held that the plaintiff was entitled to recover, stating:
"If it [excavation or obstruction] is far enough from the highway not to endanger one who remains upon it, then liability can be imposed upon the occupant of the premises only if he creates a deceptive appearance of the situation, such as would justify a reasonably prudent man in straying from the highway, believing himself to be still upon it. If the occupant might reasonably have anticipated, as a prudent person, that a reasonably prudent traveler, owing to the appearance of the situation by him created, might stray from the highway in the belief that he was still on it and fall into the excavation, liability would ensue."
The Court in this case further found that there was evidence introduced sufficient to show:
"* * * that the defendant had created on the lands it was occupying an appearance that a reasonably prudent driver of an automobile on a dark, foggy night might have been misled into believing that Belmont street extended beyond Tarragona street to and beyond the point where the defendant had constructed its sunken track * * *"
We agree with the law as stated in Louisville & N.R. Co. v. Anderson, supra, but in applying this law to the facts in the case now before the court the question arises as to whether the facts as alleged are sufficient to show that the defendant had created on the lands it was occupying an appearance that would cause a reasonably prudent driver on a dark night to be misled into believing that Lois Avenue crossed Douglas Avenue. It is our opinion that the facts as alleged are not sufficient.
The allegations of the complaint fail to establish what is actually constructed upon the property owned by the appellee Aviation Authority, as distinguished from what is actually constructed upon the public highway right of way of the defendant City of Tampa.
There is no allegation that paving of any kind existed on the appellee Aviation Authority's property, although it is alleged that the "grade level" is the same. The principal authorities cited by the appellant, Louisville & N.R. Co. v. Anderson, supra; Aluminum Company of America v. Walden, 230 Ark. 337, 322 S.W.2d 696 (1959); and Southern v. Cowan Stone Co., 188 Tenn. 576, 221 S.W.2d 809 (1949), reflect that the adjacent property owner had a paved road of some sort which created the appearance of a public road. This was not established in this complaint. There is an allegation that a bridge or span existed across a "large deep drainage ditch" which ditch "ran parallel to Douglas Avenue * * * and actually separated the said Douglas Avenue from said airport property." However, there is no allegation to establish upon whose property the ditch and bridge were located. It cannot be inferred from the complaint that the ditch and bridge existed on the Aviation Authority property and, in fact, the more logical inference is that the drainage ditch and bridge were within the road right of way of the appellee City of Tampa.
In considering a complaint upon a motion to dismiss the essential allegations will not be imported by inference, and the allegations of the complaint must be construed most strongly against the pleader. Edwards v. Maule Industries, Inc., Fla.App., 147 So.2d 5; Matthews v. Matthews, Fla. App., 122 So.2d 571.
The duties of each of the party defendants in this cause to travelers on a public way are not the same. The municipality, City of Tampa, has a duty to maintain its streets in a reasonably safe condition and must exercise reasonable diligence after an unsafe condition is known or should have been known to correct same. The adjacent property owner, Hillsborough County Aviation Authority, has the duty to maintain *205 its property in a reasonably safe condition for travel after it knows or should know that others will reasonably believe it to be a public highway. Each has a separate and distinct duty to travelers on a public way. Negligence being a breach of a legal duty, the plaintiff must allege ultimate facts, showing a relationship, out of which, the duty is implied by law, and also show sufficient acts or omissions of each tort feasor which caused the injury. 23 Fla.Jur., Negligence, Sections 102, 103 and 104, pp. 336, 337; also C.A. Rudisill v. Taxicabs of Tampa, Inc., Fla.App., 147 So.2d 180.
We conclude that the plaintiff failed to allege facts sufficient to show the condition maintained by the appellee Aviation Authority on its separate property was a breach of its duty to travelers on the public way herein involved, and the decision of the trial court to dismiss the complaint was proper. We must now determine whether the trial court should have dismissed this cause with prejudice.
The dismissal of a cause of action can either be with prejudice, same being an adjudication on the merits, or without prejudice, which is not an adjudication on the merits and is no bar to a subsequent suit on the same cause of action.
At the time of the entry of the order of dismissal and judgment for the defendant in this cause on January 5, 1965, the court should have applied the rule enunciated by Justice Wigginton in Hardee v. Gordon Thompson Chevrolet, Inc., Fla. App., 154 So.2d 174, and approved by this Court in Nelson v. Ward, Fla.App. 1966, 190 So.2d 622. This rule directs that the court should dismiss the cause with prejudice if the insufficiency of the complaint relates to some inherent defect in the case as shown by the facts alleged, the judgment of dismissal operating as an adjudication on the merits. On the other hand, if the insufficiency relates to the failure of the complaint to allege necessary facts to state a cause of action the dismissal should be without prejudice, and the order of dismissal would not constitute an adjudication on the merits. The latter is so, even though the plaintiff fails or is unwilling to plead further in the cause.
In applying this rule to the case now before the court, it is clear that the deficiency in the appellant's fourth amended complaint relates to the failure to allege necessary facts rather than in inherent defect in the case as shown by the facts alleged. Under the rules of procedure applicable at the time of the entry of the order of dismissal in this cause, particularly Rule 1.35(b), 30 F.S.A., as construed in Hardee v. Gordon Thompson Chevrolet, Inc., supra and Frederick T. Nelson v. Frances Ward and Thomas Ward, supra, the trial court was in error in dismissing this cause with prejudice and entering a judgment for the defendant, Hillsborough County Aviation Authority, even though the plaintiff declined to plead further in this cause. It is important to note, however, that Rule 1.35(b) was amended effective January 1, 1966, to restore the rule as it was prior to September 30, 1962.
The petition of The Florida Bar to the Supreme Court concerning rule changes which became effective January 1, 1966, includes the following comment as it pertains to Rule 1.35:
"The clause `any dismissal not provided for in this rule' has been added to conform to the Florida rule prior to 1962. It is intended thereby to overrule Hardee v. Gordon Thompson Chevrolet, Fla.App., 154 So.2d 174, and restore the rule of Hinchee v. Fisher, Fla., 93 So.2d 351. requiring a party seeking affirmative relief to make all his claims based on the same factual situation in one lawsuit."
Therefore, the trial court order dismissing the cause with prejudice would have been proper if entered subsequent to January 1, 1966, or prior to September 30, 1962.
*206 The decision of the trial court is therefore affirmed in part, reversed in part, and remanded for the entry of an order of dismissal without prejudice.
LILES, Acting C.J., and HOBSON, J., concur.