468 So.2d 532 (1985)
NN INVESTORS LIFE INSURANCE COMPANY, Appellant,
v.
The PROFESSIONAL GROUP, INC., Appellee.
No. 83-2810.
District Court of Appeal of Florida, Third District.
May 14, 1985.
*533 McCune, Hiaasen, Crum, Ferris & Gardner and G. Ware Cornell, Jr. and Robert S. Hackleman, Fort Lauderdale, for appellant.
Horton, Perse & Ginsberg, and Jeffrey Allen Tew, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
The Professional Group, Inc. (PGI) recovered a money judgment after a jury trial conducted exclusively on the theory that the appellant, NN Investors Life Insurance Company (NNI), had committed the tort of "economic duress" by threatening to breach an existing contract between the parties unless PGI entered into a new contract which called for PGI to receive a lower rate of commissions.
The appellant correctly contends that the overwhelming majority of jurisdictions, including Florida, have never recognized the tort of economic duress.[1],[2] The reason, well expressed by Professor Prosser, is that:
[t]here are odd cases which have held that duress is a tort in itself; but much more commonly it is held merely to invalidate the consent given, and so permit any other tort action which would arise if there were no consent... . But if the threat is less direct, being merely one of future arrest, or of "economic" duress, such as loss of employment, the courts have refused to say that the consent given, however reluctant it may be, is ineffective, so as to establish another tort. The distinction is of course one of degree. The growing tendency to recognize and extend the intentional infliction of mental suffering as an independent cause of action may perhaps afford a remedy for some of the more extreme cases. In the field of contracts, duress is more generally recognized as a ground for relief, and it may in time receive more acceptance in the field of torts.
W. Prosser, The Law of Torts § 18 at 106-07 (4th ed. 1971). See also D. Dobbs, Law of Remedies § 10.2 at 657 (1973) ("Traditionally duress is not a tort of any other kind, though the act that amounts to duress may also amount to some other tort."); F. Harper & F. James, Jr., The Law of Torts § 3.10 at 233 (1956). Since PGI has never contended that the defendant's conduct was so egregious as to support a claim for intentional infliction of emotional distress, see Dominguez v. Equitable Life Assurance Society of the United States, 438 So.2d 58 (Fla. 3d DCA 1983), there is no tort theory upon which PGI could possibly recover.
However, PGI attempts to defend the judgment in its favor by telling us that in reality, it was suing for damages for the breach of its original contract and that the "economic duress" was merely PGI's rebuttal to the defendant's anticipated defense that there was an accord and satisfaction *534 of the original contract. But notwithstanding that PGI's pleadings contained a count for breach of contract, as well as economic duress, the record unmistakably reflects that at a pretrial hearing, PGI declared that it was "not going forward" on the contract count, and that the case was tried and the jury instructed solely on PGI's tort theory. We view PGI's argument on appeal as a belated effort to salvage a judgment that is without legal support and reverse and remand with directions to enter judgment for NNI on its motions for judgment notwithstanding the verdict and for directed verdict.
Reversed and remanded with directions.
NOTES
[1] The Texas case which first recognized the tort, namely, Housing Authority of Dallas v. Hubbell, 325 S.W.2d 880, 902 (Tex.Civ.App. 1959), contains no reasoning and, of course, relies on no decided cases. Its progeny are limited. See, e.g., King Construction Co. v. W.M. Smith Electric Co., 350 S.W.2d 940 (Tex.Civ.App. 1961).
[2] We reject any suggestion that in City of Miami v. Kory, 394 So.2d 494 (Fla. 3d DCA), review denied, 407 So.2d 1104 (Fla. 1981), this court impliedly recognized economic duress as a tort The Kory decision discusses duress as a defense or remedy in a contractual context.