HALL, Judge.
The Brighton Development Corporation appeals from the final order dismissing its complaint with prejudice. We affirm.
The Brighton Development Corporation (Brighton) and the appellee, Barnett Bank (Barnett), entered into a loan agreement in which Barnett promised to loan Brighton $11,400,000 if the proper conditions were met. A commitment agreement was executed which required Barnett to reserve the loan amount for sixty days and Brighton to pay a nonrefundable commitment fee *1104 of $171,000. Barnett was also required to prepare the loan documents so that Brighton could complete and return them within the sixty-day period. Brighton could not complete its performance within the contractual period and requested an extension one day after the sixty-day contract period had expired. Barnett denied the request for an extension as untimely and refused to refund the commitment fee. Brighton brought suit alleging that Barnett was at fault for failing to prepare the loan documents in a timely fashion and that Barnett acted in bad faith by not granting an extension. The complaint stated causes of action for breach of contract, unjust enrichment, and conversion. The trial court dismissed the complaint with prejudice, after determining that it was inherently defective. Brighton appealed.
There was no error in the trial court’s decision to dismiss the complaint. Under the commitment agreement, Brighton was clearly not entitled to a refund of the commitment fee. The agreement stated in pertinent part:
As consideration for the issuance of this commitment, Borrower agrees to pay a non-refundable commitment fee of One Hundred Seventy-One Thousand ($171,-000) Dollars (less application fee of $11,-400 previously paid) with the acceptance of this commitment letter. Borrower agrees that said commitment fee is neither interest nor payment for the use of money. Said commitment fee shall be paid to Bank in consideration of Bank’s promise to hold or reserve the amount of this commitment and shall be earned by the issuance of this commitment letter. It is understood and agreed that no part of such commitment fee will be returned to Borrower under any circumstances, either by credit against closing costs, expenses or otherwise.
(Emphasis added.)
Barnett performed its part of the agreement by holding the loan amount for sixty days and by tendering the documents in a reasonably timely fashion; it was Brighton who failed to timely complete the documents prior to the expiration of the contractual period; hence, there was no basis for the breach of contract claim. The agreement plainly stated that Brighton was not entitled to a refund of the commitment fee under any circumstances; therefore, there was no basis for either the unjust enrichment or the conversion claims. In addition, the bad faith claim had no merit since Barnett was under no contractual obligation to grant an extension of time.
As stated in Hardee v. Gordon Thompson Chevrolet, 154 So.2d 174, 178 (Fla. 1st DCA 1963): “If the insufficiency [of the complaint] relates to some inherent defect in the case shown by the facts alleged, the judgment of dismissal will operate as an adjudication on the merits, and the dismissal with prejudice must be held proper.” See also Nelson v. Ward, 190 So.2d 622, (Fla. 2d DCA 1966).
Accordingly, since the facts alleged in the complaint do not establish a claim for relief, we affirm the dismissal of the complaint with prejudice.
DANAHY, C.J., and RYDER, J., concur.