EAST BAY LIMITED
PARTNERSHIP, Plaintiff,

v.

AMERICAN GENERAL LIFE &
ACCIDENT INSURANCE CO.,
Defendant.

No. 89–182–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 7, 1990.

Braxton Counts, III, Mobile, Ala., Clifton A. Livingston, Tampa, Fla., for plaintiff.

Richard T. Dorman, W. Alexander Gray, Jr., Mobile, Ala., Edward M. Waller, Jr., Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, Fla., for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

The cause is before the Court on Defendant's motion for summary judgment and request for oral argument, filed May 10, 1990, and Plaintiff's response thereto, filed May 23, 1990.

### STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552.

The Court also said, "Rule 56(e) therefore requires the nonmoving party to go

beyond the pleading and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

## STATEMENT OF FACTS

East Bay Limited Partnership ("Plaintiff") purchased a shopping center in Pinellas County, Florida through a loan made by American General Life and Accident Insurance Company ("Defendant"). Plaintiff intended to renovate the shopping center and resell it to a third party. Under the loan agreement and, particularly a side letter agreement between the parties, the parties negotiated all provisions of the loan, including, the interest rate for the loan, the term of the loan, and the circumstances under which the shopping center might be sold. Prepayment of the loan was precluded during the first six years of the loan.

The side letter agreement provided that during the first six months of the loan, the property could be sold to a buyer approved by the lender and the loan assumed without payment of any fee. After the loan had been in effect for six months, Defendant would allow a sale of the property and assumption of the loan by an *approved* buyer upon payment of a one percent (1%) fee. The letter specifically provided that in all situations involving a proposed sale, the lender had the right to approve a proposed buyer based on the buyer's "net worth, credit worthiness and management expertise possessed or retained...." (Memorandum of Law In Support of Motion For Summary Judgment of Defendant, page A–1).

Approximately one and a half years into the loan, Plaintiff proposed a sale of the property. Plaintiff had negotiated with the James W. Hall Corporation for the purchase and sale of the center and the matter was presented to Defendant for its approval. Defendant declined to allow the Hall Corporation take over the retail shopping center and stated, in a letter dated September 5, 1986, that this decision was based upon the "lack of experience of the company buying the property." (Memorandum of Law In Support of Motion For Summary Judgment of Defendant, page A–5). Subsequent to the request for approval, but before Defendant's decision, Plaintiff requested that if the sale was not to be approved, Defendant allow Plaintiff to prepay the loan in full. Plaintiff could then buy its way out of the loan and resell the property to the Hall Corporation without the need to obtain Defendant's consent. In the same letter in which Defendant denied approval of the Hall Corporation, Defendant offered that if Plaintiff wanted to prepay the loan, it would allow prepayment for the payment of a prepayment fee of 24.25%.

In the end, there was no sale and there was no prepayment. Plaintiff went into default and the property was obtained by Defendant through a deed in lieu of foreclosure.

## REQUEST FOR ORAL ARGUMENT

The Defendant's request for oral argument, as to its motion for summary judgment, is *denied.*

## PLAINTIFF'S FIRST CAUSE OF ACTION

■ Defendant has moved for summary judgment on the grounds that the Plaintiff cannot establish that Defendant unjustifiably interfered with Plaintiff's contract for the sale of the retail shopping center to the Hall Corporation. In *Nitzberg v. Zalesky*, 370 So.2d 389 (Fla. 3d DCA 1979), the court held that the elements of the tort of interference with a business relationship are: 1) existence of a business relationship under which the claimant has a legal right; 2) intentional and unjustified interference with that relationship by the defendant; and 3) damage to the claimant as a result of the breach of the business relationship. Id. at 390–91.

The first element of this test is met. The facts presented in the pleadings establish that a business relationship between Plaintiff and the Hall Corporation did exist.

However, the second element of the test has not been met.

There is no indication that there was an intentional and unjustified interference with the business relationship between Plaintiff and the Hall Corporation by Defendant. There is no doubt that Defendant intentionally refused to approve Hall as a prospective purchaser. However, this intentional refusal was not unjustified. The requirement that any prospective purchaser possess experience in the management of retail shopping centers, and a denial based on such lack of experience, was not unreasonable because the law recognizes that a contracting party "has a privilege to interfere with a contractual or business relationship, where the interference is necessary to protect his own contractual rights provided that such interference is without malice." *Id.* at 391.

Plaintiff alleges that the refusal to approve of the Hall Corporation was based solely upon James Hall's lack of management expertise in managing shopping centers, and was therefore, unreasonable because Defendant knew that almost all owners of shopping centers the size of East Bay Plaza Shopping Center retain management firms to manage their shopping centers. This reasoning does not follow from the evidence before the Court.

The only evidence offered to support this contention, that Defendant's refusal was based solely on the management experience of James Hall, is the letter dated September 5, 1986, in which Defendant informed Plaintiff of its decision to deny the Hall Corporation as a buyer. (Memorandum Of Law In Opposition To Motion For Summary Judgment Of Defendant, page 4). The letter states that Defendant's decision was "[b]ased on the lack of experience of the company buying the property...." This letter is ambiguous and does not establish whether Defendant took into account the Hall Corporation's management service (Stephenson & Moore) or not. On the contrary, there is evidence that indicates that the letter was meant to include Stephenson and Moore within the word "company".

In Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment of Defendant, page 4, it cites a letter in which Defendant's servicing agent, Mr. Russ Callahan, recommended that the loan be opened for prepayment. That letter, dated August 12, 1986, shows that Mr. Callahan's recommendation was based in part on the Hall Corporation's management firm's lack of experience. The letter states in part that: "The Brochure on Stephenson & Moore portrays the management arm of James W. Hall Corporation. It owns 50% of this company. Again the retail experience is absent." (Memorandum Of Law In Opposition to Motion For Summary Judgment Of Defendant, page A.5).

That letter, which is dated almost one month before the letter denying the sale, along with other evidence in the Defendant's affidavits and depositions, indicates that the management firm's experience was taken into account when the decision to deny the sale was made. That letter further indicates that Defendant considered Stephenson & Moore to be an "arm of the James W. Hall Corporation" and therefore reliance on the word "company" (in the denial letter) to mean only James W. Hall is misplaced. The Defendant could have meant for the word "company" in the denial letter to include the Hall Corporation's management firm. Plaintiff has not brought forth any evidence, other than this inconclusive and ambiguous letter, that establishes that Defendant's decision was based *solely* on James Hall's lack of experience in managing retail shopping centers. Accordingly, the Court finds that there is no genuine issue in this first cause of action and summary judgment is *granted.*

## PLAINTIFF'S SECOND CAUSE OF ACTION

The Defendant has moved for summary judgment on the grounds that the tort of "economic duress" does not exist in Florida. In *NN Investors Life Ins. v. Professional Group, Inc.,* 468 So.2d 532 (Fla. 3d DCA 1985), *rev. den.,* 479 So.2d 118 (Fla. 1985), the court held that the tort of economic duress is not recognized in Florida

and is only considered to be a defense or remedy in a contractual context. Id. at 533. The Plaintiff, in its Memorandum of Law in Opposition to Motion for Summary Judgment, page 8, concedes this fact as well. Thus, the Defendant's motion for summary judgment concerning Count II is *granted.*

## PLAINTIFF'S THIRD CAUSE OF ACTION

In this count, Plaintiff is alleging that he was fraudulently induced into the loan agreement. Defendant has moved for summary judgment on the grounds that there is a total lack of evidence concerning Defendant's intent at the time the loan was made. As noted earlier, entry of summary judgment is mandated, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552. Here, Plaintiff has the burden of proving that, at the time of the loan, Defendant did not intend to approve the sale of the shopping center to any third party based on the agreed criteria of their side letter agreement.

■ Plaintiff alleges that when the Defendant's decision (which it alleges was based solely on James Hall's lack of management experience) is added to the fact that a prepayment fee was imposed, there is sufficient evidence to prove Defendant's intent at the time of the loan agreement. Having already found that Plaintiff has not brought forth adequate evidence for establishing that Defendant's decision was based solely on James Hall's lack of management experience, the Court finds that the imposition of the prepayment fee alone is not sufficient to establish Defendant's intent at the time of the loan agreement. The Court thus finds that the lack of sufficient evidence presented by Plaintiff establishes that there is no genuine issue as to the Defendant's intent. Defendant's motion for summary judgment on Count III is *granted.*

## PLAINTIFF'S FOURTH CAUSE OF ACTION

■ Plaintiff's fourth cause of action is a claim that Defendant breached the loan agreement in bad faith by refusing to approve the sale of the shopping center to the Hall Corporation and by attempting to threaten and coerce Plaintiff to pay a prepayment fee. Having already held that there is no claim for affirmative relief for economic duress, the Court will only consider the Plaintiff's bad faith claim with respect to the Defendant's refusal to approve the sale to the Hall Corporation.

Under Florida law, "one established contract principle is that a party's good faith cooperation is an implied condition precedent to performance of a contract." *Fernandez v. Vazquez,* 397 So.2d 1171, 1174 (Fla. 3d DCA 1981). "Good faith means honesty in fact, in the conduct of contractual relations." *Harrison Land Dev. v. R & H Holding Co.,* 518 So.2d 353, 355 (Fla. 4th DCA 1987). This principle required Defendant to, in good faith, comply with the January 15, 1986, side letter agreement when considering the sale of the shopping center to a proposed buyer. If Defendant did evaluate the proposed buyer, the Hall Corporation, in light of the requirements and refused to approve the sale because those requirements were not met, then there can be no claim for bad faith breach of contract. *See, Brighton Development Corp. v. Barnett Bank of South Florida,* 513 So.2d 1103 (Fla. 2d DCA 1987).

The Plaintiff claims that the Defendant refused to permit the sale to the Hall Corporation for the sole stated reason that James Hall lacked the management experience required. This allegation, however, is not backed by the showing of a material question of fact for trial. The denial letter does state that the decision was based on the lack of experience of the "company", but this does not mean that the proposed management firm's experience was not taken into account.

As this Court has already noted, there is evidence that the management firm's experience was considered and that the Plaintiff

has not offered any proof of its own to controvert that evidence. Here again, Plaintiff offers no evidence that Stephenson & Moore's experience was not taken into account by the Defendant in reaching its decision. Absent any such evidence, the Court finds that there is no genuine issue as to the bad faith claim and summary judgment is *granted* to the Defendant on this point.

## PLAINTIFF'S FIFTH CAUSE OF ACTION

In this count, Plaintiff is alleging that pursuant to Section 671.203, Florida Statutes, Defendant had a duty and obligation to act in good faith, to deal fairly and to act honestly with Plaintiff, and that Defendant breached that duty by wrongfully refusing to approve the sale to the Hall Corporation and by attempting to threaten or coerce a $1,000,000 penalty from Plaintiff to pay off the loan.

As noted previously, Plaintiff has failed to bring forth evidence that would indicate that Defendant acted other than in good faith. Plaintiff states in its Memorandum of Law in Opposition to Motion for Summary Judgment of Defendant, page 14, that Defendant "clearly did not have the contractual right to arbitrarily and unreasonably refuse to permit the sale of the shopping center to a qualified buyer." Again, however, Plaintiff is simply relying on the letter of denial to make this broad conclusion, and, absent some more specific facts showing that there is a genuine issue for trial, the Court can see this as nothing more than a groundless self-serving statement. Defendant's motion for summary judgment, as to Plaintiff's fifth cause of action, is *granted.*

## PLAINTIFF'S SIXTH CAUSE OF ACTION

In this count Plaintiff is claiming that although Defendant had no contractual duty to allow Plaintiff to prepay the loan, once it agreed to allow Plaintiff to prepay, it could not, in good faith, demand more than its liquidated damages for such prepayment. Thus, the Plaintiff claims that by imposing a prepayment fee of 24.25% if Plaintiff were to prepay the loan, Defendant breached its duty of good faith as required by Section 671.203, Florida Statutes.

Section 671.203 provides that "[e]very contract or duty within this code imposes an obligation of good faith in its performance or enforcement." Good faith is defined in Section 671.201(19) to mean "honesty in fact in the conduct or transaction concerned." Defendant had no contractual duty to allow Plaintiff to prepay the loan, and in fact had no duty whatsoever to allow prepayment. Thus, the good faith requirement of section 671.203 does not apply to the Defendants offer of prepayment. Additionally, Plaintiff has failed to bring forth any evidence that would indicate that Defendant acted other than in an honest manner. Defendant offered to allow prepayment as long as Plaintiff paid a prepayment fee of 24.25%. In making this offer, there is no evidence that Defendant attempted to deceive Plaintiff or in any way perpetrated a fraud on him. Plaintiff was allowed to freely accept or decline this offer. Thus, even if the fee could be found to be unfair, there is nothing before the Court to show that Defendants conduct was in bad faith. Therefore, the motion for summary judgment on Count IV is *granted.* Accordingly it is

*ORDERED* that Defendant's motion for summary judgment on all counts be *granted.* The Clerk of the Court shall enter a judgment in favor of Defendant and against Plaintiff.

DONE and ORDERED.